MORGAN, LEWIS & BOCKIUS LLP
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500

MORGAN, LEWIS & BOCKIUS LLP
J. Gordon Cooney, Jr. (*pro hac vice*)
gordon.cooney@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Phillip J. Wiese, Bar No. 291842
phillip.wiese@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: +1.415.442.1000

*Attorneys for Defendant*
*HALEON US INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JONATHAN GABRIELLI, an individual, on behalf of himself and those similarly situated,

Plaintiff,

vs.

HALEON US INC.,

Defendant.

Case No. 3:25-cv-02555-WHO

**HALEON'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

| | |
|---|---|
| Hearing Date: | August 13, 2025 |
| Hearing Time: | 2:00 p.m. |
| Judge: | Hon. William H. Orrick |
| Courtroom: | 2 |
| Complaint Filed: | March 14, 2025 |
| Trial Date: | Not Set |

## TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

- A. Plaintiff's Claims Fail For Lack Of Article III Standing ..... 2
  - 1. Plaintiff Has Not Pled An Injury-In-Fact. ..... 2
  - 2. Plaintiff Fails To Allege A Real And Immediate Threat Of Future Injury To Seek Injunctive Relief. ..... 5
- B. Plaintiff Has Not Stated Claims For Relief ..... 6
  - 1. Plaintiff Has Not Adequately Pled His Common Law Privacy Claims. ..... 6
  - 2. Plaintiff Fails To State A CIPA Claim. ..... 7
    - a. Plaintiff Fails To Plausibly Allege "Intent" Under § 631(a). ..... 7
    - b. Plaintiff Fails To Plausibly Allege Interception Of "Contents." ..... 9
    - c. Internet Technologies Are Not "Pen Registers." ..... 9
    - d. Plaintiff's Claims Are Outside The Statute Of Limitations. ..... 10
  - 3. Plaintiff's Fraud Claim Fails For Numerous Reasons. ..... 11
  - 4. Plaintiff's Unjust Enrichment Claim Fails. ..... 12
  - 5. Plaintiff Has Not Alleged An Actionable Injury To Sustain His Trespass To Chattels Claim. ..... 13
- C. The Court Should Dismiss Plaintiff's Request For Punitive Damages. ..... 14
- D. Leave To Amend Would Be Futile. ..... 15

III. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Allan & Assocs. Ltd.*,
445 F. Supp. 3d 42 (N.D. Cal. 2020) .......... 13

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) .......... 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 554 (2007) .......... 15

*Bell v. City of Kellogg*,
922 F.2d 1418 (9th Cir. 1991) .......... 15

*Bowen v. Energizer Holdings*,
118 F.4th 1134 (9th Cir. 2024) .......... 4

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) .......... 10

*Byars v. Sterling Jewelers, Inc.*,
2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .......... 5

*Casillas v. Transitions Optical, Inc.*,
2024 WL 4873370 (Cal. Super. Ct. Sept. 9, 2024) .......... 9

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .......... 5

*Crowder v. Shade Store, LLC*,
2024 WL 4868313 (N.D. Cal. June 26, 2024) .......... 14

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 5

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) .......... 4

*Doe v. Amgen, Inc.*,
2024 WL 3811251 (C.D. Cal. Aug. 13, 2024) .......... 8

*Doe v. Fullstory, Inc.*,
712 F. Supp. 3d 1244 (N.D. Cal. 2024) .......... 10

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) .......... 13

*In re Facebook Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020)....................................................................................... 2, 4, 12

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005) .......................................................................................................... 10

*Gabrielli v. Insider, Inc.*,
2025 WL 522515 (S.D.N.Y. Feb. 18, 2025)........................................................................ 3, 4, 10

*Gordon v. City of Oakland*,
627 F.3d 1092 (9th Cir. 2010).............................................................................................. 15

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023)..................................................................................... 9

*Hubbard v. Google LLC*,
2024 WL 3302066 (N.D. Cal. July 1, 2024)........................................................................ 4, 12

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .................................................................................... 3

*Intel Corp. v. Hamidi*,
30 Cal. 4th 1342 (2003) ....................................................................................................... 13, 14

*James v. Walt Disney Co.*,
701 F. Supp. 3d 942 (N.D. Cal. 2023) ................................................................................. 7, 8

*Katz-Lacabe v. Oracle America, Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ....................................................................................... 7

*Kishnani v. Royal Caribbean Cruises Ltd.*,
2025 WL 1745726 (N.D. Cal. June 24, 2025) ................................................................ 2, 3, 9, 10

*Kotlarsz v. Integrity Vehicle Servs., Inc.*,
2024 WL 4800695 (C.D. Cal. Sept. 3, 2024)............................................................................ 8

*Low v. LinkedIn Corp.*,
2011 WL 5509848 (N.D. Cal. Nov. 11, 2011)..................................................................... 4, 12

*McDonald v. Antelope Valley Cmty. Coll. Dist.*,
45 Cal. 4th 88 (2008) ............................................................................................................ 11

*In re Meta Healthcare Pixel Litig.*,
713 F. Supp. 3d 650 (N.D. Cal. 2024) .................................................................................... 14

*Mikulsky v. Bloomingdale's LLC*,
2024 WL 3091395 (S.D. Cal. May 14, 2024), *aff'd in part, rev'd in part*, No. 24-3564, 2025 WL 1718225 (9th Cir. June 20, 2025)....................................................... 2, 3

*Mikulsky v. Bloomingdale's, LLC*,
2025 WL 1718225 (9th Cir. June 20, 2025) .......... 3, 7

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024) .......... 3

*Peralta v. Certified Emp. Screening Inc.*,
2025 WL 1723142 (C.D. Cal. May 7, 2025) .......... 12

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 8

*Rodriguez v. Autotrader.com, Inc.*,
2025 WL 1085787 (C.D. Cal. Apr. 4, 2025) .......... 5, 10

*Rodriguez v. Autotrader.com, Inc.*,
762 F. Supp. 3d 921 (C.D. Cal. 2025) .......... 3

*Rodriguez v. Google LLC*,
2024 WL 38302 (N.D. Cal. Jan. 3, 2024) .......... 4, 13

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) .......... 12

*Silver v. Stripe, Inc.*,
2021 WL 3191752 (N.D. Cal. July 28, 2021) .......... 7

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 8

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) .......... 12

*Thomas v. Papa John's Int'l, Inc.*,
2025 WL 1704437 (9th Cir. June 18, 2025) .......... 3, 6, 7

*Thomas v. Papa Johns Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 8, 2024) .......... 6

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 2

*Yockey v. Salesforce, Inc.*,
688 F. Supp. 3d 962 (N.D. Cal. 2023) .......... 2

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) .......... 9

**Statutes**

Cal. Civ. Code § 3294(a) .......... 14

Cal. Civ. Code § 3294(b) .......... 14

Cal. Penal Code § 638.52(d)(1), (3) .......... 9

**Rules**

Fed. R. Civ. P. 9(b) .......... 11

Fed. R. Civ. P. 12(b)(6) .......... 6

Fed. R. Evid. 702 .......... 4

L.R. 10-1 .......... 15

## I. INTRODUCTION

Plaintiff's Opposition fails to address the core deficiencies that require dismissal of his Complaint. Front and center in this litigation is Haleon's cookie banner, which discloses that "Cookies are enabled by default." *See* Opp. at 1; Compl. ¶ 1. Plaintiff admits that he reviewed that cookie banner as well as Haleon's Privacy Notice ***prior*** to interacting with the Websites. Compl. ¶¶ 69, 142. Thus, by his own admission, Plaintiff visited the Websites ***knowing*** that cookies would automatically load by default. His repeated plea that he "did not consent to ***any*** third-party cookie tracking" is invalidated by his own admission. Opp. at 11. And the Complaint is devoid of any facts plausibly demonstrating that the complained-of cookies loaded ***after*** he purportedly rejected cookies. Nothing in the Opposition saves Plaintiff's claims.

Ignoring the dispositive implications of his own allegations, Plaintiff attempts to draw parallels to cases in which website browsing data was collected without consent. But Plaintiff's consent is established on the face of the Complaint for the reasons discussed above. And the Complaint includes no well-pled facts identifying any information of Plaintiff's that was actually collected or captured by third parties, including any products Plaintiff viewed, what search terms he may have entered, and what other actions he purportedly took on the Websites after he clicked "Reject All." Plaintiff instead pleads only the information that ***could have*** been collected. Indeed, because Plaintiff admittedly consented to cookies loading by default upon page landing, his claims fundamentally depend on browsing activity ***beyond*** his initial page visit. Yet, the Complaint includes no facts about Plaintiff's post-"Reject All" activity, or any activity he engaged in on the Websites whatsoever.

These fundamental defects reach the heart of Plaintiff's case and are fatal to all of Plaintiff's claims, which each suffer from additional deficiencies. Haleon respectfully requests that the Court grant its Motion in its entirety.

## II. ARGUMENT

### A. Plaintiff's Claims Fail For Lack Of Article III Standing

#### 1. Plaintiff Has Not Pled An Injury-In-Fact.

Haleon's Motion demonstrated that Plaintiff's claims should be dismissed because he has failed to plead an injury-in-fact sufficient to establish standing. Mot. at 7. He does not allege any facts concerning what, if any, of ***his*** data purportedly was collected, only the general categories of information that third-party cookies allegedly ***could*** collect. Even so, none of what Plaintiff says could have been collected is sensitive or personal, and so any alleged possible collection could not form the basis for Article III standing. *See* Mot. at 7; *see also Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *3 (N.D. Cal. June 24, 2025) (dismissing with prejudice for lack of standing where plaintiff did not allege disclosure of any personal information when visiting the website). This alone is fatal to Plaintiff's claims. His attempts to rebut Haleon's standing arguments are unavailing.

***First***, Plaintiff argues that a general allegation that a CIPA violation occurred confers standing. Opp. at 3–4. He primarily relies on *In re Facebook Inc. Internet Tracking Litigation*, 956 F.3d 589, 602–03 (9th Cir. 2020), but, in addition to being factually distinguishable, that case predates the Supreme Court's mandate that Article III standing requires demonstration of "a concrete injury even in the context of a statutory violation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021); *see also* Mot. at 9–10. Plaintiff cites just one district court case that postdates *TransUnion* that found an alleged CIPA violation standing alone was sufficient for Article III standing. Opp. at 3–4 (citing *Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 969–70 (N.D. Cal. 2023)). That case does not help him because the court in *Yockey* did not analyze *TransUnion*, and instead relied on the same outdated authority Plaintiff cites in his Opposition. *Id.*

Since, *TransUnion*, and contrary to Plaintiff's argument, the weight of authority has held that a CIPA violation alone is ***insufficient*** to confer standing. *See* Mot. at 9 (collecting cases). Plaintiff fails to engage with Haleon's authority whatsoever.

***Second***, Plaintiff cannot overcome his failure to allege facts establishing harm, including facts identifying any information collected during ***his*** purported visits to the Websites. *See* Compl.

¶ 68; Opp. at 4. Allegations that Plaintiff merely browsed the Websites without identifying any specific interactions or information Haleon allegedly captured during his visit are plainly insufficient to state a claim. *See, e.g.*, *Mikulsky v. Bloomingdale's LLC*, 2024 WL 3091395, at *4 (S.D. Cal. May 14, 2024), *aff'd in part, rev'd in part*, No. 24-3564, 2025 WL 1718225 (9th Cir. June 20, 2025). His barebones allegations regarding his own experience on the Websites certainly do not explain how disclosure of information about his web browsing resulted in an egregious privacy violation that would be "highly offensive to a reasonable person." *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1048 (N.D. Cal. 2022); Mot. at 8.

Courts routinely dismiss claims on Article III standing grounds for the same reasons Haleon raised in its Motion. Mot. at 8–9; *see also*, *e.g.*, *Kishnani*, 2025 WL 1745726, at *2 (dismissing CIPA and privacy claims for lack of Article III standing and collecting cases); *Rodriguez v. Autotrader.com, Inc.*, 762 F. Supp. 3d 921, 926–27 (C.D. Cal. 2025) (dismissing CIPA claims for lack of standing where browser information, geolocation data, IP addresses, and email addresses are not "sufficiently personal or sensitive"). Plaintiff does not address or distinguish Haleon's cited cases whatsoever, which are dispositive to his claims. The court should thus follow the weight of district court reasoning presented and dismiss Plaintiff's claims for his failure to plead any information collected or any highly offensive privacy violation.

After Haleon filed its motion, the Ninth Circuit twice affirmed dismissal of privacy claims where, as here, the plaintiff failed to plead a "highly offensive" violation under California common law. *Thomas v. Papa John's Int'l, Inc.*, 2025 WL 1704437, at *1 (9th Cir. June 18, 2025) (citation omitted) (memorandum decision); *Mikulsky v. Bloomingdale's, LLC*, 2025 WL 1718225, at *1 (9th Cir. June 20, 2025) (same). *Mikulsky*, for example, affirmed dismissal where the district court found no cognizable privacy interest in "browsing data from users on Defendant's own website." *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 846 (S.D. Cal. 2024); *Mikulsky*, 2024 WL 3091395, at *4, *aff'd in part, rev'd in part*, 2025 WL 1718225. Plaintiff fails to note these recent decisions, let alone demonstrate why they are not dispositive of his claims.

Similarly, Plaintiff runs from the implications of the ***six*** other CIPA cases he has filed, including those filed in the Northern District of California, failing to acknowledge them

meaningfully or address the dismissal in *Gabrielli v. Insider, Inc.*, 2025 WL 522515 (S.D.N.Y. Feb. 18, 2025). *See* Mot. at 1 & n.1, 9, 10, 18, 24.

***Third***, Plaintiff contends that Haleon's argument that he cannot establish standing based on a diminution of value of his personal data, or an abstract economic benefit to Haleon, somehow "conflate[s] standing . . . with the merits." Opp. at 5. Not so. Plaintiff relies on *Rodriguez v. Google LLC*, 2024 WL 38302, at *11 (N.D. Cal. Jan. 3, 2024) (Opp. at 6), but that case is inapposite. There, the court analyzed whether the plaintiff's expert's damage models could be excluded under Federal Rule of Evidence 702. *Id.* The court did not analyze standing or even take a position as to whether the damage theory was meritorious. *See id.* at *6 (noting that Google may be able to disprove the expert's damages model through common evidence).[1]

Moreover, Plaintiff utterly ignores Haleon's cited authority supporting its argument. Mot. at 9; *see e.g.*, *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 845 (N.D. Cal. 2024); *Hubbard v. Google LLC*, 2024 WL 3302066, at *9 (N.D. Cal. July 1, 2024); *Low v. LinkedIn Corp.*, 2011 WL 5509848, at *5 (N.D. Cal. Nov. 11, 2011) (finding no standing where plaintiff failed to allege how he was foreclosed from capitalizing on the value of his personal data or how he was "deprived of the economic value of [his] personal information simply because [his] unspecified personal information was purportedly collected by a third party") (citation omitted). Indeed, Plaintiff is a serial litigator of these claims and has had one of ***his own*** parallel cases dismissed with prejudice on this ground. *Gabrielli*, 2025 WL 522515, at *8 (finding ***Plaintiff*** failed to allege any "observable loss").

This defect relates to all of Plaintiff's claims, including his fraud and unjust enrichment claims. *In re Facebook*, 956 F.3d at 599 & n.4, 600 (holding standing for fraud claims requires "an economic injury" or "damages" and for unjust enrichment requires a plaintiff to allege "they retain a stake in the profits garnered from" their data because it is unjust for the defendant to retain it).

---

[1] Plaintiff's citation to *Bowen v. Energizer Holdings*, 118 F.4th 1134 (9th Cir. 2024), is similarly inapposite. Opp. at 5. There, the court determined that the defendant "contested the truth of the plaintiff's factual allegations," and thus the jurisdictional disputes were intertwined with the merits of the case. *Bowen*, 118 F.4th at 1142–43. Here, Plaintiff has not met his pleading burden to establish Article III standing even accepting Plaintiff's allegations as true.

***Finally***, despite Plaintiff's protestations, the Court may consider Plaintiff's substantial knowledge and experience with regard to the matters at issue. Plaintiff claims that his six substantially identical privacy complaints are somehow outside this Court's purview because Haleon did not seek judicial notice. Opp. at 6–7. Wrong. Haleon sought judicial notice of these complaints, which were filed in the Northern District of California between February 2024 and January 2025. Mot. at 3 n.3. Plaintiff's complaints are illustrative of his professed reasonable expectations when he allegedly visited Haleon's Websites. That Plaintiff filed numerous similar lawsuits before visiting Haleon's Websites "casts doubt on any suggestion that [he] was surprised by surreptitious recording of [his] information."[2] *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3 n.4 (C.D. Cal. Apr. 5, 2023). Even crediting Plaintiff's contention that he was visiting the Websites to learn about Haleon's products (Compl. ¶ 63) and not as a tester, "it does not change the fact that [he] expected [his] privacy to be invaded, thereby negating any injury in fact." *Rodriguez v. Autotrader.com, Inc.*, 2025 WL 1085787, at *1 n.2 (C.D. Cal. Apr. 4, 2025).

#### 2. Plaintiff Fails To Allege A Real and Immediate Threat Of Future Injury To Seek Injunctive Relief.

Plaintiff claims that he "continues to desire to browse content on the Websites" but cannot do so until the Websites "honor users' requests to reject cookies and tracking technologies." Opp. at 7–8. However, to have standing to seek injunctive relief, as Plaintiff acknowledges, he must plead that he faces an "actual and imminent" threat of future harm. Opp. at 7 (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018)). The threatened injury "must be certainly impending . . . allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotations omitted).

Plaintiff concedes in his Opposition that he has no immediate intention to visit the Websites. He thus has no certainly impending injury. Instead, he notes his "desire[] to visit the Websites again" (Opp. at 8 (citing Compl. ¶ 70)), which is insufficient to satisfy the standing requirement for

[2] Plaintiff also continued to test Haleon websites ***after*** he allegedly learned how its cookies allegedly operate ***and*** served his pre-suit demand, logically meaning he knew how the Haleon site he visited in June 2024 would work before doing so. *See* Mot. at 13; Compl. ¶¶ 63, 72 (Plaintiff visited the Sensodyne Website in June 2024 after sending Haleon a demand letter in March 2024).

injunctive relief. Mot. at 11. Plaintiff has not identified any authority that his general desire to someday again visit the Websites confers standing to seek class-wide injunctive relief.

In addition, Plaintiff fails to address Haleon's argument that Haleon's cookie banner disclosed that cookies are "enabled by default," and therefore, any future visit to the Haleon Websites would again be with his knowledge and consent to Haleon's use of cookies. Mot. at 11.

**B. Plaintiff Has Not Stated Claims For Relief**

In addition to the overarching defects noted above, each of Plaintiff's substantive claims must be dismissed under Rule 12(b)(6).

**1. Plaintiff Has Not Adequately Pled His Common Law Privacy Claims.**

Plaintiff incorrectly claims that (1) he had a reasonable expectation of privacy when viewing the Websites, and (2) the alleged intrusion was "highly offensive." Opp. at 9. Neither claim withstands scrutiny.

***First***, Plaintiff cannot claim he had a reasonable expectation of privacy because Haleon disclosed its use of cookies and the types of information the cookies collect. Plaintiff concedes that ***prior*** to visiting the Websites, he viewed Haleon's cookie banner that clearly disclosed "[c]ookies are enabled by default." Compl. ¶¶ 1, 69 ("Plaintiff reviewed the popup cookie consent banner prior to using the Websites."). Plaintiff also admits that he reviewed the Haleon Privacy Notice ***prior*** to visiting the Websites. *Id.* ¶ 141. That Privacy Notice disclosed that the Websites use cookies and the types of information collected. *See id.* ¶ 22. These disclosures convey that Plaintiff's so-called "Private Communications" could be collected. Mot. at 12–13.

Moreover, Plaintiff does not plead that any of his data actually was collected, much less collected after he clicked "Reject All" on the Haleon cookie banner. Mot. at 13. Plaintiff's cited cases do not necessitate a different conclusion. Opp. at 9. In *Thomas v. Papa Johns International, Inc.*, 2024 WL 2060140 (S.D. Cal. May 8, 2024), the court found that the browsing data at issue was "a far cry from the type of data that supports a finding of a reasonable expectation of privacy," which included address books, DNA and genetic information, medical records, voting information, and financial information. *Id.* at *5; *see also id.* at *2 (collecting cases holding that consumers do not have a reasonable expectation of privacy on the Internet). And in fact, the Ninth Circuit recently

affirmed this finding. *Thomas*, 2025 WL 1704437, at *1. Plaintiff's remaining cases relate to third party collection of data from websites across the Internet after turning off a location tracker or a browsing tracker, which are circumstances plainly distinguishable from those here, because Plaintiff alleges only collection of data from the Haleon Websites, not from myriad sites across the Internet, and he has not pled collection of data without his consent. *See* Opp. at 9–10 (citing four cases against Google LLC).

Next, Plaintiff asserts that the accumulation of data itself is "highly offensive." Opp. at 11. However, Plaintiff's cases on this point again relate to third party collection of data from across the Internet. *See Katz-Lacabe v. Oracle America, Inc.*, 668 F. Supp. 3d 928, 935–36 (N.D. Cal. 2023); *Silver v. Stripe, Inc.*, 2021 WL 3191752, at *2 (N.D. Cal. July 28, 2021). Plaintiff does not allege that Haleon itself collects or accumulates information from anywhere but its own four Websites. Plaintiff's allegations are more similar to two recent Ninth Circuit decisions affirming dismissal of intrusion upon seclusion website tracking claims because each plaintiff "failed to plead a highly offensive violation under California common law." *See Mikulsky*, 2025 WL 1718225, at *1; *Thomas*, 2025 WL 1704437, at *1. Dismissal is similarly appropriate here.

**2. Plaintiff Fails To State A CIPA Claim.**

Plaintiff's CIPA claims fail because (1) Plaintiff has not alleged the necessary "intent"; (2) Plaintiff has not alleged the interception of any "contents" of any communications; (3) the "Pen Register" statute does not pertain to Internet technologies; and (4) his August 2023, November 2023, and January 2024 CIPA claims are barred by the one-year statute of limitations. Nothing in Plaintiff's Opposition refutes these points.

***a. Plaintiff Fails To Plausibly Allege "Intent" Under § 631(a).***

Plaintiff claims on the one hand that the CIPA aiding and abetting prong does not include an intent standard, and inconsistently on the other hand, that the Ninth Circuit's intent standard is satisfied by pleading that Haleon "enabled" a third-party's eavesdropping or interception. Opp. at 13–14. Both assertions are wrong.

***First***, Plaintiff's own authority demonstrates that courts in the Ninth Circuit have required plaintiffs to plead defendant's intent to aid and abet a third-party's eavesdropping or interception.

*See, e.g.*, *James v. Walt Disney Co.*, 701 F. Supp. 3d 942, 954 (N.D. Cal. 2023) ("Plaintiffs do not fundamentally dispute that there must have been intent on the part of [defendant] to have [the third party] intercept," but that plaintiff had to allege facts to allege that intent). Plaintiff has not identified a single allegation that Haleon intended to aid and abet any specific third party to eavesdrop or intercept. *See* Opp. at 13–15. There is none. His claims should thus be dismissed.

***Second***, Plaintiff's authority belies his assertion that courts "consistently hold" the intent element is established by a defendant allegedly "enabling" a third-party's conduct. Opp. at 13–14. In *James*, for example, the court analyzed the contractual relationship between Disney and the third party, inferring that the contract formed the necessary intent to allege Disney's liability. 701 F. Supp. 3d at 954. Here, Plaintiff does not allege or identify any contractual relationship between Haleon and any third party. And the court in *Doe v. Amgen, Inc.*, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024), denied reconsideration of the dismissal of the plaintiff's CIPA claims—it did not hold that the intent element was satisfied. *Id.* at *2. The rest of Plaintiff's authority is similarly inapposite or in fact supports Haleon's position. *See Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019) (parties did not argue, and the court did not analyze, whether defendant intended to aid and abet a third party's interception); *Kotlarsz v. Integrity Vehicle Servs., Inc.*, 2024 WL 4800695, at *7 (C.D. Cal. Sept. 3, 2024) (dismissing plaintiff's aiding and abetting claim because plaintiff's allegation that the defendant "aided, agreed with, employed, and conspired with [third party] to have [third party] wiretap the Internet communications" of website visitors was "conclusory and insufficiently supported by factual allegations").

This Court should instead follow the well-reasoned decision in *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933 (N.D. Cal. 2024), where Judge Lin analyzed the statutory language and determined that the fourth prong "does require some level of knowledge and intent." *Id.* at 942–43 ("By its plain terms, that statutory language does not cover, for example, a defendant who properly and lawfully provides information or access to a third party without any knowledge or intent that the third party will use the information in a manner that violates the statute. Such a defendant has not aided, agreed with, or employed the third party to perform acts that violate the wiretapping statute."). Applying the statute's plain language mandates dismissal of Plaintiff's claim. Mot. at 17.

**b. *Plaintiff Fails To Plausibly Allege Interception of "Contents."***

Plaintiff argues that the information collected by Haleon constitutes the "contents" of communications rather than simply "record information," which falls outside CIPA liability. Opp. at 15–16. Plaintiff fails to plead that any of the "contents" of communications he describes, *i.e.*, "search terms and descriptive URLs," were collected by Haleon. Plaintiff pleads only that he "browse[d]" the Websites for "information"—he does not allege that he entered any personal data into the Website or that any of his content was actually collected, much less what was collected after he clicked "Reject All." This is insufficient to state a CIPA claim. Mot. at 16; *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). Plaintiff's authority does not dictate otherwise.

**c. *Internet Technologies Are Not "Pen Registers."***

As set forth in the Motion, § 638.51's plain language and legislative history confirm that it is limited to telephones, not Internet-related technologies. Mot. at 17–19; *see* Cal. Penal Code § 638.52(d)(1), (3) (requiring pen register orders to include "in whose name . . . the ***telephone line***" is listed and "if known, [the] physical location of the ***telephone line***" to which the pen register is to be attached) (emphases added); *see also id.* § 638.52(c) (information acquired by a pen register may only be disclosed "to the extent that the location may be determined from the telephone number"); *see also Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *4 (Cal. Super. Ct. Sept. 9, 2024) (The pen register statute did not, and does not, criminalize the process by which all websites communicate with all users who choose to access them." (citation omitted)). Plaintiff's Complaint does not allege that the cookies were placed on his telephone.

Instead of meaningfully engaging with this argument, Plaintiff argues that he adequately alleged a claim where the "cookies and corresponding software code" on the Websites "record users' IP address and user-agent information." Opp. at 17; Compl. ¶ 128. He argues that this is a "device or process" within the § 638.50(b).[3] Yet, this argument is irrelevant where the statute does

[3] Although Plaintiff cites district court cases that, relying on *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023), found that section 638.50(b) applies to third-party "trackers," these cases are non-binding. In any event, as courts have recently recognized, section 638.50 claims are increasingly "futil[e]" because "[i]f [the] [d]efendant only collects information regarding the 'metadata' of the communication . . . he has no expectation of privacy as to that type of data (e.g., his IP address or general geographic location) [but if] the [d]efendant instead collects content

not apply to the web-browsing at issue. And in any event, Plaintiff's position is inconsistent with his allegations that the third-party cookies collect the "contents" of his communications with the Websites. Mot. at 18 n. 7; *Kishnani*, 2025 WL 1745726, at *4 (dismissing section 638.51 claim where plaintiff alleges that the software captures biographical information, including the "content" of the communication).

Finally, as argued in its Motion and above, Plaintiff has neither Article III nor statutory standing to bring this claim where he alleges solely that his IP address was recorded. Mot. at 18–19.[4] For these reasons, Plaintiff's pen register claim should be dismissed.

**d. *Plaintiff's Claims Are Outside The Statute of Limitations.***

Plaintiff's August 2023, November 2023, and January 2024 CIPA claims are time-barred. Mot. at 14–15. In response, Plaintiff asserts that his claims are timely under the delayed discovery rule and the fraudulent concealment doctrine, but both arguments fail. Opp. at 19. With respect to the delayed discovery rule, plaintiff admits that prior to visiting the Websites, he reviewed the cookie banner that disclosed "[c]ookies are enabled by default," and Haleon's Privacy Notice that explained the third-party cookies on the Websites. Mot. at 14. Plaintiff does not address those allegations or explain why they were insufficient to put him on inquiry notice of Haleon's alleged acts. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005) (holding that the delayed discovery rule runs when the plaintiff "has reason to suspect an injury and some wrongful cause").

For the same reason, Plaintiff's attempt to invoke the fraudulent concealment doctrine also fails. Opp. at 20. Haleon ***disclosed*** that cookies would be enabled by default and explained the third-party cookies used on the Websites. And Plaintiff does not allege he took steps to "act[] diligently" to "uncover the facts giving rise to [his] claim." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1070 (N.D. Cal. 2021). These facts are distinguishable from those in *Doe v. Fullstory, Inc.*,

---

information from communication . . . , then . . . § 638.50 does not apply." *Kishnani*, 2025 WL 1745726, at *5.

[4] Plaintiff incorrectly argues that Haleon conflates sections 638.51 and 631. Opp. 18 n. 3. Plaintiff has a standing burden that is not satisfied by a mere violation of section 638.51. *Rodriguez v. Autotrader.com, Inc.*, 2025 WL 1085787, at *1 (C.D. Cal. Apr. 4, 2025) (dismissing claim and noting that section 638.51 "requires the same disclosure of sensitive information and reasonable expectation of privacy as her § 631 claim"); *Gabrielli*, 2025 WL 522515, at *8 (noting section 638.51 is a "bare procedural violation").

712 F. Supp. 3d 1244 (N.D. Cal. 2024), where the company's privacy policy expressly stated that personal and healthcare information—*i.e.*, the information at issue in that case—would not be shared with third parties and concealed that information from the plaintiff. *Id.* at 1255. Here, to the contrary, Plaintiff concedes he had ***actual notice*** of the use of cookies even before his alleged Website visits. *See* Mot. at 14–15; Compl. ¶¶ 1, 22, 69, 142.

Finally, equitable tolling does not save Plaintiff's claims. This judicially created doctrine applies when a party may seek redress in two separate forums, for example in court and in front of an administrative board, "with the attendant danger of conflicting decisions on the same issue." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008). That is not the case here. Plaintiff's claims are barred by CIPA's one-year statute of limitations.

**3. Plaintiff's Fraud Claim Fails For Numerous Reasons.**

Plaintiff does not dispute the necessary elements of his claim. Opp. at 20. As established in the Motion, Plaintiff fails to allege actual falsity, intent to defraud, knowledge of falsity, or actual damages, any one of which is fatal to his claim. Mot. at 19–21.

***First***, despite Plaintiff's contention, Haleon is not requesting the court to assess evidence underlying allegations in the pleadings. Opp. at 21. Rather, taking Plaintiff's allegations as true, Plaintiff has not plausibly alleged that the representation that he could reject the use of cookies was false. Mot. at 19. Indeed, Plaintiff's Complaint simply provides screenshots, which lack basic particular facts like dates or timestamps. *See* Compl. ¶ 30. It also provides an image of the cookie banner, which states that "[c]ookies are enabled by default," meaning that cookies would be loaded on page landing undermining his claim. *Id.* ¶ 24. Plaintiff does not plead any facts showing that Haleon's representation about cookies was actually false. Mot. at 20.

***Second***, Plaintiff makes only conclusory allegations regarding intent to defraud, knowledge of falsity, and scienter. *Id.* In his Opposition, Plaintiff rests on his conclusory allegations that Haleon "knew, or should have known, how the Websites functioned" and that the Websites allowed third-party cookies to be placed on a user's devices. Opp. at 21. That is not enough to show that Haleon had the requisite scienter and intent to defraud Plaintiff to sustain this claim. *See* Mot. at 20 (collecting cases). An allegation of intent still is subject to Rule 9(b)'s pleading standards. Fed.

R. Civ. P. 9(b) (noting a party alleging "fraud or mistake" must state "with particularity" the "who, what, when, where, and how of the misconduct charged").

***Finally***, Plaintiff fails to allege he suffered any actual damages as he (1) does not identify the type of data collected but rather speculates what data cookies ***could*** collect (Compl. ¶¶ 3, 18, 21), and (2) does not plausibly allege a loss of property or money. Mot. at 20. Plaintiff's cited cases are distinguishable. Opp. at 22. For example, in *In re Facebook Inc. Internet Tracking Litigation*, the court agreed that standing for fraud claims requires "an economic injury" or "damages." 956 F.3d at 599 & n.4. The court found plaintiffs had standing where they alleged a specific monetary value for their data, research panels that pay participants for such data, and that Facebook sold plaintiffs' data for a profit—allegations that are lacking here. In contrast, courts routinely find that a speculative assertion of value does not plausibly infer the plaintiff was actually damaged. *See* Mot. at 20–21. This is especially so here given Plaintiff's failures to allege the specific information actually collected as to him. *See Low*, 2011 WL 5509848, at *5 (finding no property interest where plaintiff failed to allege how he was foreclosed from capitalizing on the value of his personal data or how he was "deprived of the economic value of [his] personal information simply because ***[his] unspecified personal information*** was purportedly collected by a third party") (citation omitted; emphasis added). Plaintiff's fraud claim should be dismissed.

**4. Plaintiff's Unjust Enrichment Claim Fails.**

There is no "standalone cause of action for 'unjust enrichment.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Moreover, a plaintiff seeking equitable relief must sufficiently allege that remedies at law are inadequate. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841–44 (9th Cir. 2020).

In his Opposition, Plaintiff fails to refute Haleon's dispositive argument that his remedy at law would be adequate, conceding the point. Opp. at 22; Mot. at 21. In fact, Plaintiff's Complaint merely alleges that, "without such claim[] Plaintiff would have no adequate legal remedy." Compl. ¶ 156. The Court need not accept this legal conclusion. Courts firmly find a barebones legal conclusion insufficient to allege an inadequate remedy at law. *See Peralta v. Certified Emp. Screening Inc.*, 2025 WL 1723142, at *7 (C.D. Cal. May 7, 2025) (dismissing claim and collecting

cases); *Saedi v. SPD Swiss Precision Diagnostics GmbH*, 2025 WL 1141168, at *14 (C.D. Cal. Feb. 27, 2025) (same); *Hubbard v. Google LLC*, 2024 WL 3302066, at *6 (N.D. Cal. July 1, 2024) (dismissing claim where plaintiffs only "provide conclusory allegations that they lack an adequate remedy at law"). Plaintiff has an adequately remedy at law; namely, the money damages from his myriad claims pled.

Plaintiff's Opposition cites cases where the court allowed unjust enrichment to be pled in the alternative. Opp. at 22. Yet there, unlike this case, the plaintiffs brought an accompanying breach of contract claim. *See id.* (citing *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1086 (N.D. Cal. 2023)). As Haleon noted in its Motion, claims for unjust enrichment based on a quasi-contract theory are distinguishable because Plaintiff has an adequate remedy at law, and therefore the restitution available under an unjust enrichment claim is not appropriate. Mot. at 21.

Finally, Plaintiff does not engage with Haleon's cited authority supporting that Plaintiff has not alleged any facts to plausibly establish that he suffered an economic injury. Mot. at 22. He instead rests on the inapposite analysis of *Rodriguez*, 2024 WL 38302, at *11, which as addressed *supra* Section II.A.1, did not analyze standing or even take a position as to whether the damage theory was meritorious. As Plaintiff makes no non-conclusory allegations that his data's value corresponds to economic harm; his claim must be dismissed.

**5. Plaintiff Has Not Alleged An Actionable Injury To Sustain His Trespass To Chattels Claim.**

Plaintiff attempts to glide over the controlling precedent on trespass to chattels in the privacy space. *See* Mot. at 22–23 (discussing *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1350–51 (2003)). *Hamidi* held that trespass to chattels "does not encompass, and should not be extended to encompass, an electronic communication that ***neither damages the recipient computer system nor impairs its functioning***." *Id.* at 1347, 1352–53 (emphasis added).

For the first time, and without any factual support, Plaintiff argues that Haleon's conduct supposedly "interferes" with his "computer's security." Opp. at 25. This allegation is not found anywhere in his Complaint, and a complaint may not be amended by the briefs in opposition to a motion to dismiss. *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020)

(citation omitted). Regardless, this allegation and those in the Complaint alleging the cookies caused "[r]eduction of storage, disk space, and performance," are entirely conclusory and do not plausibly allege the interference was "significant," as required by *Hamidi*. *See* Compl. ¶¶ 160–61; Mot. at 31–32; *Hamidi*, 30 Cal. 4th at 1356 (the harm contemplated can be "interfere[nce] with the intended functioning of the system, as by significantly reducing its available memories and processing power"). Indeed, Plaintiff's cited case holds that trespass to chattels is properly pled where plaintiff "ha[s] alleged ***measurable harm*** from the loss of available storage space on their devices." Opp. at 25; *In re Meta Healthcare Pixel Litig.*, 713 F. Supp. 3d 650, 659 (N.D. Cal. 2024) (emphasis added). If the Court followed Plaintiff's logic, any use of cookies would implicate trespass to chattels. As *Hamidi* and its progeny acknowledge, far more is needed. Plaintiff cannot and does not allege a measurable or significant harm to his device through third-party cookies, and his claim should be dismissed with prejudice as a result.

**C. The Court Should Dismiss Plaintiff's Request For Punitive Damages.**

In his Opposition, Plaintiff agrees that he must allege facts showing Haleon acted with "oppression, fraud, or malice," or "evil motive" against him to seek punitive damages. Cal. Civ. Code § 3294(a); Opp. at 24. These allegations must contain "non-conclusory allegations that an officer, director or managing agent of the defendant authorized or ratified the conduct." Cal. Civ. Code § 3294(b).

Yet, Plaintiff pleads ***no facts*** to meet this requirement. He urges the Court to infer, based on his allegation that Haleon entered agreements with third parties that govern the use of third-party cookies on the Websites, that "the only plausible conclusion is that an officer, director, or managing agent of [Haleon] authorized . . . [the alleged] practices." Opp. at 25 (quoting *Crowder v. Shade Store, LLC*, 2024 WL 4868313, at *10 (N.D. Cal. June 26, 2024)). Plaintiff omits, however, that *Crowder* arrived at this "plausible conclusion" only after "thoroughly discuss[ing]" plaintiff's extensive, non-conclusory allegations of fraud that defendant "advertised false and misleading strikethrough prices on *all* products sold across *all* sales channels." *Id.* Meanwhile, here, Plaintiff seeks punitive damages based on a plainly conclusory allegation that Haleon took "malicious, oppressive, [and] willful" actions. Plaintiff does not engage with Haleon's cited cases

holding that punitive damages claims may not be sustained with such barebones allegations. Mot. at 23–24. The Court need not accept Plaintiff's conclusory legal allegations, and the claims should be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

**D. Leave To Amend Would Be Futile.**

Although Plaintiff requests leave to amend, he has not explained how he could amend his claims to overcome the fundamental flaws Haleon identified. *See* L.R. 10-1 (requiring plaintiff to "reproduce the entire proposed pleading" with his request). Amendment would be futile and Plaintiff's Class Action Complaint should be dismissed with prejudice. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1991) (affirming dismissal with prejudice where leave to refile in state court would be futile).

## III. CONCLUSION

For the foregoing reasons, and for the reasons in the Motion, Plaintiff's Complaint should be dismissed in its entirety with prejudice and without leave to amend.

Dated: July 14, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Megan A. Suehiro*
Megan A. Suehiro
J. Gordon Cooney, Jr. (*pro hac vice*)
Phillip J. Wiese

*Attorneys for Defendant*
*HALEON US INC.*