MORGAN, LEWIS & BOCKIUS LLP
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500

MORGAN, LEWIS & BOCKIUS LLP
J. Gordon Cooney, Jr. (*pro hac vice*)
gordon.cooney@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Phillip J. Wiese, Bar No. 291842
phillip.wiese@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: +1.415.442.1000

*Attorneys for Defendant*
*HALEON US INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI, an individual, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HALEON US INC.,<br><br>Defendant. | Case No. 3:25-cv-02555-WHO<br><br>**DEFENDANT HALEON US INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Haleon US Inc. ("Haleon"), by and through its undersigned counsel, hereby submits the following Answer and Affirmative Defenses to Plaintiff Jonathan Gabrielli's Class Action Complaint. Unless expressly admitted herein, Haleon denies the allegations of the Complaint.

## INTRODUCTION[1]

1. Haleon admits that Plaintiff purports to bring this lawsuit as a class action. Haleon further admits that it owns the tums.com, advil.com, centrum.com, theraflu.com, caltrate.com, flonase.com, sensodyne.com, and emergenc.com websites (the "Websites"). Haleon further admits that at certain points in time, each of the Websites displayed a popup cookie consent banner, and that such cookie banners have changed over time. Haleon denies the remaining allegations in Paragraph 1.

2. Haleon admits that under certain circumstances, third party scripts on Defendant's Websites may enable third parties to place cookies and other similar technologies on visitors' browsers. Haleon further admits that it provides visitors to its Websites the option to reject certain cookies and other similar technologies. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activates the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 2.

3. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 3.

4. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Further, the allegations in Paragraph 4 are directed at the conduct of third parties, not Haleon. Haleon therefore lacks information or

---

[1] Haleon includes herein the headings that appear in the Complaint for organizational purposes only.

knowledge sufficient to form a belief about the truth or falsity of the allegations in Paragraph 4 and denies the same.

5. Haleon lacks information or knowledge sufficient to form a belief about the truth of what Website visitors "sought to avoid," and therefore denies the same. Each visitor's perception and expectations are unique. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 5, including any characterization that it made false statements or that it violated state statutes or tort duties.

## **THE PARTIES**

6. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore denies the same.

7. Haleon admits the allegations in Paragraph 7.

## **JURISDICTION AND VENUE**

8. Paragraph 8 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon admits that Plaintiff has invoked jurisdiction under the Class Action Fairness Act.

9. Paragraph 9 contains legal conclusions or arguments to which no response is required.

10. Paragraph 10 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon does not dispute venue is proper in this district with respect to Plaintiff Gabrielli's claims.

11. Paragraph 11 contains legal conclusions or arguments to which no response is required.

## **SUBSTANTIVE ALLEGATIONS**

### **A. Defendant Programmed the Websites to Include Third-Party Resources that Utilize Cookie Trackers.**

12. Haleon lacks information or knowledge sufficient to form a belief about the truth of

the allegations in Paragraph 12 regarding "[e]very website," and therefore denies the same. With respect to the Websites, Haleon admits that they are hosted by servers that generally send and receive communications in the form of HTTP requests to and from Internet users' browsers. Haleon also admits that when the Website servers receive an HTTP request, they typically process that request and send back an HTTP response. Haleon denies the remaining allegations in Paragraph 12.

13. Haleon admits that Paragraph 13 includes one way to describe "IP address" but denies that this description is complete and/or the only way in which to describe IP addresses. Haleon denies the remaining allegations in Paragraph 13.

14. Haleon admits that it utilized certain resources and/or programming scripts from third parties on its Websites and that those resources and/or programming scripts typically are subject to agreements with the third parties. To the extent Plaintiff alleges that cookies were placed after the selecting the "Reject All" cookies button on each Website, Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 14.

15. Haleon admits that it uses certain first- and third-party cookies on its Websites as described in its Privacy Notice. Haleon further answers that Paragraph 15 includes one way to describe "cookies" but denies this description is complete and/or the only way to describe cookies. Haleon denies the remaining allegations in Paragraph 15.

16. Haleon admits that Paragraph 16 includes one way to describe "first-party cookies" but denies that this description is complete and/or the only way to describe first-party cookies. Haleon denies the remaining allegations in Paragraph 16.

17. Haleon admits that Paragraph 17 includes one way to describe "third-party cookies" but denies that this description is complete and/or the only way to describe third-party cookies. Haleon denies the remaining allegations in Paragraph 17.

18. Paragraph 18 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required.

To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon admits that under certain circumstances, third-party cookies may have the capabilities to collect some or all of the information listed in Paragraph 18, but that such collection depends on a number of factors, including, but not limited to, the visitor's browser, browser settings, and browsing activity. Haleon denies the remaining allegations in Paragraph 18.

19. Haleon admits that third-party cookies can be used for a variety of purposes. The remaining allegations are directed to the conduct of third parties. Haleon therefore lacks information or belief sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 and denies the same.

20. Paragraph 20 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon admits that it manufactures and sells consumer health care products and that it owns and operates the Websites that allow visitors to receive information about its products. Haleon denies the remaining allegations in Paragraph 20.

21. Haleon admits that it utilizes certain third party programming scripts from third parties on its Websites. Haleon denies the remaining allegations in Paragraph 21.

22. Haleon admits that its Websites include a Privacy Notice that governs and outlines the use of Haleon's Websites. That Privacy Notice speaks for itself and any characterization thereof is denied. To the extent a further response is required, Haleon denies the remaining allegations in Paragraph 22.

23. Haleon admits that its Websites include a Privacy Preference Center that governs and outlines the use of Haleon's Websites. That Privacy Preference Center speaks for itself and any characterization thereof is denied. To the extent a further response is required, Haleon denies the remaining allegations in Paragraph 23.

**B. Defendant Falsely Informed Users That They Could Reject the Websites' Use of Cookies.**

24. Haleon admits that at certain points in time, Website users were presented with a popup cookie consent banner and that a screenshot of one such banner appears in Paragraph 24. The cookie consent banner in Paragraph 24 discloses, among other things, that "Cookies are enabled by default," and includes links to the Privacy Policy and Privacy Center. The cookie consent banner, Privacy Policy, and Privacy Center speak for themselves and any characterization thereof is denied. Haleon denies the remaining allegations in Paragraph 24.

25. Haleon admits that at certain points in time, Website users were presented with a popup cookie consent banner and that a screenshot of one such banner appears in Paragraph 24. Haleon denies the remaining allegations in Paragraph 25.

26. Haleon admits after Website users select options on its popup cookie consent banner, the popup cookie consent banner may disappear. To the extent Plaintiff alleges that cookies were placed after the selecting the "Reject All" cookies button on each Website, Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 26.

27. Paragraph 27 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 27 regarding Plaintiff's and the putative class members' understanding of the Websites, and therefore denies the same. Haleon denies the remaining allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required.

To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies remaining the allegations in Paragraph 28.

29. Paragraph 29 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 29.

30. Haleon admits that certain tools can be used to log activity on a website. The screenshot provided in Paragraph 30 reflects network activity that initiated before the "Reject All" button was clicked. By enabling the "Preserve log" function, the screenshot reflects the historical activity initiated before cookies were rejected and any strictly necessary cookies loaded as the visitor navigated through the website. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 30.

31. Paragraph 31 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon admits that certain tools can be used to log activity on a website. The screenshot provided in Paragraph 30 reflects network activity that initiated before the "Reject All" button was clicked. By enabling the "Preserve log" function, the screenshot reflects the historical activity initiated before cookies were rejected and any strictly necessary cookies loaded as the visitor navigated through the website. Haleon specifically denies that it

enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 31.

32. Haleon admits that certain tools can be used to log activity on a website. The screenshot provided in Paragraph 30 reflects network activity that initiated before the "Reject All" button was clicked. By enabling the "Preserve log" function, the screenshot reflects the historical activity initiated before cookies were rejected and any strictly necessary cookies loaded as the visitor navigated through the website. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 32.

33. Paragraph 33 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon admits that certain tools can be used to log activity on a website. The screenshot provided in Paragraph 30 reflects network activity that initiated before the "Reject All" button was clicked. By enabling the "Preserve log" function, the screenshot reflects the historical activity initiated before cookies were rejected and any strictly necessary cookies loaded as the visitor navigated through the website. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the allegations in Paragraph 33.

34. Paragraph 34 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. To the

extent the allegations are directed to the conduct of third parties, Haleon lacks information or belief sufficient to form a belief about the truth of those allegations and therefore denies the same. Haleon denies the remaining allegations in Paragraph 34.

35. Paragraph 35 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications" or whether a "wiretap" occurred, to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications" and denies that the Websites function as a wiretap. Haleon denies the remaining allegations in Paragraph 35.

**C. The Private Communications Collected As a Result of Third Party Cookies Transmitted When Visiting Defendant's Websites.**

**1. Google YouTube Cookies**

36. Haleon admits that at certain times it has used third-party advertising cookies from Google on the Websites. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 36, and therefore denies the same.

37. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore denies the same.

38. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore denies the same.

39. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 39, and therefore denies the same.

40. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner, and Haleon denies the remaining allegations in Paragraph 40.

41. Haleon admits that the Google website Plaintiff cites identifies the "_gid," "_ga," and "_dc_gtm" cookies. That website speaks for itself and any characterization thereof is denied. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 41, and therefore denies the same.

42. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore denies the same.

43. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 43, and therefore denies the same.

44. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 44, and therefore denies the same.

45. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 45, and therefore denies the same.

46. Haleon admits that the Google website Plaintiff cites contains the quoted language. That website speaks for itself and any characterization thereof is denied. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 46, and therefore denies the same.

47. Haleon admits that the Google website Plaintiff cites contains the quoted language. That website speaks for itself and any characterization thereof is denied. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 47, and therefore denies the same.

**2. Microsoft Clarity Cookies**

48. Haleon admits that it uses a third-party advertising service and/or cookie(s) from Microsoft on the Websites. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 48, and therefore denies the same.

49. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 49, and therefore denies the same.

50. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 50, and therefore denies the same.

51. Haleon admits that the Microsoft website Plaintiff cites contains the quoted language. That website speaks for itself and any characterization thereof is denied. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 51, and therefore denies the same.

52. Haleon denies the allegations in Paragraph 52.

53. Haleon admits that the Microsoft website Plaintiff cites contains the quoted language. That website speaks for itself and any characterization thereof is denied. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 53, and therefore denies the same.

54. Haleon admits that the Microsoft website Plaintiff cites contains the quoted language. That website speaks for itself and any characterization thereof is denied. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 54, and therefore denies the same.

55. Haleon admits that the Microsoft website Plaintiff cites contains the quoted and referenced language. That website speaks for itself and any characterization thereof is denied. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 55, and therefore denies the same.

**3. RevTrax Cookies**

56. Haleon admits that it uses a third-party advertising service and/or cookie(s) from Microsoft on the Websites. Haleon denies that the cited authority supports Plaintiff's allegations because the citation is to the Microsoft website, not RevTrax. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 56, and therefore denies the same.

57. Haleon denies that the cited authority supports Plaintiff's allegations because the citation is to the Microsoft website, not RevTrax. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 57, and therefore denies the same.

**D. <u>The Private Communications Collected are Valuable.</u>**

58. Paragraph 58 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon admits that it uses certain information collected

from cookies as detailed in its Privacy Notice. That Privacy Notice speaks for itself and any characterization thereof is denied. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 58, and therefore denies the same.

59. Haleon admits that it uses certain information collected from cookies as detailed in its Privacy Notice. That Privacy Notice speaks for itself and any characterization thereof is denied. Haleon denies the remaining allegations in Paragraph 59.

60. Paragraph 60 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon admits that the cited article contains the quoted language. That article speaks for itself and any characterization thereof is denied. Haleon denies the remaining allegations in Paragraph 60.

61. Paragraph 61 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 61, and therefore denies the same.

62. Paragraph 62 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon denies the remaining allegations in Paragraph 62.

## PLAINTIFF'S EXPERIENCES

63. Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 63, and therefore denies the same.

64. Haleon admits that at certain points in time, each of the Websites displayed a popup cookie consent banner, and that such cookie banners have changed over time. Haleon further admits that it provides visitors to its Websites the option to reject certain cookies and other similar technologies. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 64, and therefore denies the same.

65. To the extent Plaintiff alleges that cookies were placed after the selecting the "Reject

All" cookies button on each Website, Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 65, and therefore denies the same.

66. Paragraph 66 contains legal conclusions or arguments to which no response is required. Haleon's cookie consent banner speaks for itself and any characterization thereof is denied. To the extent Plaintiff alleges that cookies were placed after the selecting the "Reject All" cookies button on each Website, Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. To the extent a response is required, Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 66, and therefore denies the same.

67. Paragraph 67 contains legal conclusions or arguments to which no response is required. Haleon's cookie consent banner speaks for itself and any characterization thereof is denied. To the extent Plaintiff alleges that cookies were placed after the selecting the "Reject All" cookies button on each Website, Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. To the extent a response is required, Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 67, and therefore denies the same.

68. Paragraph 68 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon further denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon denies the remaining allegations in Paragraph 68.

69. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon further denies the first sentence in Paragraph 69. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 69, and therefore denies the same.

70. Haleon specifically denies that it enabled any third parties to initiate the placement and/or transmission of cookies once a Website visitor activated the rejection of cookies by hitting the "Reject All" button on that Website's cookie banner. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 70, and therefore denies the same

**TOLLING**

71. Paragraph 71 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 71 and therefore denies the same.

72. Denied as stated. Haleon admits only that Plaintiff sent a demand letter dated on or about March 25, 2024 and that Plaintiff and Haleon entered into an agreement on February 7, 2025. Those documents speak for themselves and any characterization thereof is denied.

73. Paragraph 73 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 73.

**CLASS ALLEGATIONS**

74. Haleon admits that Plaintiff purports to bring this case as a class action and that Paragraph 74 purports to contain a characterization of Plaintiff's proposed class, but denies that Haleon engaged in any wrongdoing, denies that Plaintiff is entitled to any relief, denies that this case can be maintained as a class action, and denies that Plaintiff can represent the class of people he attempts to define or any other class of people.

75. Paragraph 75 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 75 and

denies that this case can be maintained as a class action.

76. Paragraph 76 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 76, denies that the Plaintiff can establish numerosity or any of the other requirements of Rule 23, and denies that this case can be maintained as a class action.

77. Paragraph 77 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon denies the remaining allegations in Paragraph 77, denies that the Plaintiff can establish that common questions predominate or any of the other requirements of Rule 23, and denies that this case can be maintained as a class action.

78. Paragraph 78 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 78, denies that the Plaintiff can establish numerosity or any of the other requirements of Rule 23, and denies that this case can be maintained as a class action.

79. Paragraph 79 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 79, denies that the Plaintiff's claims are typical of the claims of the putative class members, or any of the other requirements of Rule 23, and denies that this case can be maintained as a class action.

80. Paragraph 80 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 80, denies that the Plaintiff can establish he is an adequate class representative or any of the other requirements of Rule 23, and denies that this case can be maintained as a class action.

81. Paragraph 81 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 81, denies that the Plaintiff can establish superiority or any of the other requirements of Rule 23, and denies that this case can be maintained as a class action.

## CAUSES OF ACTION

### First Cause of Action: Invasion of Privacy

82. Haleon realleges and incorporates the paragraphs of this Complaint as if set forth herein.

83. Paragraph 83 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

84. Paragraph 84 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

85. Paragraph 85 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications." Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 85, and therefore denies the same.

86. Paragraph 86 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. The California Consumer Privacy Act ("CCPA") speaks for itself and any characterization thereof is denied.

87. Paragraph 87 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

88. Paragraph 88 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

89. Paragraph 89 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

90. Paragraph 90 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

91. Paragraph 91 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

92. Paragraph 92 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

93. Paragraph 93 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon specifically denies that its actions were malicious, oppressive, willful, or calculated to injure Plaintiff or the putative class members and denies the remaining allegations.

**Second Cause of Action: Intrusion Upon Seclusion**

94. Haleon realleges and incorporates the paragraphs of this Complaint as if set forth herein.

95. Paragraph 95 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations in Paragraph 95 are denied.

96. Paragraph 96 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

97. Paragraph 97 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications," and lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 97, and therefore denies the same.

98. Paragraph 98 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

99. Paragraph 99 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

100. Paragraph 100 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

101. Paragraph 101 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

102. Paragraph 102 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

103. Paragraph 103 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

**Third Cause of Action: Wiretapping in Violation of the California Invasion of Privacy Act (California Penal Code § 631)**

104. Haleon realleges and incorporates the paragraphs of this Complaint as if set forth herein.

105. Paragraph 105 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 631(a) speaks for itself and any characterization thereof is denied.

106. Paragraph 106 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. The cited case law speaks for itself and any characterization thereof is denied.

107. Paragraph 107 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. The cited case law speaks for itself and any characterization thereof is denied.

108. Paragraph 108 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. The cited case law and California Penal Code section 631 speak for themselves and any characterization thereof is denied.

109. Paragraph 109 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 631 speaks for itself and any characterization thereof is denied.

110. Paragraph 110 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 631 speaks for itself and any characterization thereof is denied.

111. Paragraph 111 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. The cited case law speaks for itself and any characterization thereof is denied.

112. Paragraph 112 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 112.

113. Paragraph 113 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 113. The cited case law, which speaks for itself, and any characterization thereof is denied.

114. Paragraph 114 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 631(a) speaks for itself and any characterization thereof is denied.

115. Paragraph 115 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 115.

116. Paragraph 116 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 116 and therefore denies the same.

117. Paragraph 117 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies the allegations in Paragraph 117.

118. Paragraph 118 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications," and lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 118, and therefore denies the same.

119. Paragraph 119 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon lacks information or knowledge sufficient

to form a belief about the allegations in Paragraph 119, and therefore denies the same.

120. Paragraph 120 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications," and lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 120, and therefore denies the same.

121. Paragraph 121 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications," denies that Haleon engaged in any wrongdoing, denies that it injured Plaintiff or the putative class members, denies that Plaintiff or the putative class is entitled to any relief, and denies that this case may be maintained as a class action or that Plaintiff may represent any class of people.

122. Paragraph 122 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon denies that there is a protected privacy interest in the purportedly "Private Communications," denies that Haleon engaged in any wrongdoing, denies that it injured Plaintiff or the putative class members, denies that Plaintiff or the putative class is entitled to any relief, and denies that this case may be maintained as a class action or that Plaintiff may represent any class of people.

123. Paragraph 123 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

**<u>Fourth Cause of Action</u>: Use of a Pen Register in Violation of the California Invasion of Privacy Act (California Penal Code § 638.51)**

124. Haleon realleges and incorporates the paragraphs of this Complaint as if set forth herein.

125. Paragraph 125 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 630 speaks for itself and any characterization thereof is denied.

126. Paragraph 126 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 638.51(a) speaks for itself and any characterization thereof is denied.

127. Paragraph 127 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 638.50(b) speaks for itself and any characterization thereof is denied.

128. Paragraph 128 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 638.50(b) speaks for itself and any characterization thereof is denied.

129. Paragraph 129 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. The cited case law speaks for itself and any characterization thereof is denied.

130. Paragraph 130 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegation in Paragraph 130 that "[s]ome of the information collected … does not constitute the content of Plaintiff's and the Class's electronic communication," and therefore denies the same. Haleon denies the remaining allegations in paragraph 130. The cited case law speaks for itself and any characterization thereof is denied.

131. Paragraph 131 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 131, and therefore denies the same.

132. Paragraph 132 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

133. Paragraph 133 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

134. Paragraph 134 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied. California Penal Code section 637.2(a)(1) speaks for itself and any characterization thereof is denied.

**Fifth Cause of Action: Common Law Fraud, Deceit and/or Misrepresentation**

135. Haleon realleges and incorporates the paragraphs of this Complaint as if set forth herein.

136. Paragraph 136 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

137. Paragraph 137 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

138. Paragraph 138 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

139. Paragraph 139 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon specifically denies that it made any misrepresentations or fraudulent omissions. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 139 and therefore denies the same.

140. Paragraph 140 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

141. Paragraph 141 contains legal conclusions or arguments to which no response is required, To the extent a response is required, the allegations are denied.

142. Paragraph 142 contains legal conclusions or arguments to which no response is required, To the extent a response is required, Haleon specifically denies that it made any misrepresentations or fraudulent omissions. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 142, and therefore denies

the same.

143. Paragraph 143 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

144. Paragraph 144 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, Haleon specifically denies that it made any misrepresentations or fraudulent omissions. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 144 and therefore denies the same.

145. Paragraph 145 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon specifically denies that it made any misrepresentations or fraudulent omissions. Haleon lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 145 and therefore denies the same.

146. Paragraph 146 contains legal conclusions or arguments to which no response is required, To the extent a response is required, Haleon denies that Haleon engaged in any wrongdoing, denies that it injured Plaintiff or the putative class members, denies that its actions were malicious, oppressive, willful, or calculated to injure Plaintiff or the putative class members, denies that Plaintiff or the putative class is entitled to any relief, and denies that this case may be maintained as a class action or that Plaintiff may represent any class of people.

**<u>Sixth Cause of Action</u>: Unjust Enrichment**

147. Haleon realleges and incorporates the paragraphs of this Complaint as if set forth herein.

148. Paragraph 148 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

149. Paragraph 149 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

150. Paragraph 150 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

151. Paragraph 151 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

152. Paragraph 152 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

153. Paragraph 153 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

154. Paragraph 154 contains legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

155. Paragraph 155 contains legal conclusions or arguments, including as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, the allegations are denied.

156. Paragraph 156 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Haleon lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 156 and therefore denies the same.

**Seventh Cause of Action: Trespass to Chattels**

157. Paragraph 157 relates to Plaintiff's Seventh Cause of Action that was dismissed through Court order on August 29, 2025. (Dkt. 38). As such, no response to this allegation is necessary. To the extent this allegation becomes relevant to this dispute in the future, Haleon reserves its right to more fully respond to the same.

158. Paragraph 158 relates to Plaintiff's Seventh Cause of Action that was dismissed through Court order on August 29, 2025. (Dkt. 38). As such, no response to this allegation is necessary. To the extent this allegation becomes relevant to this dispute in the future, Haleon reserves its right to more fully respond to the same.

159. Paragraph 159 relates to Plaintiff's Seventh Cause of Action that was dismissed through Court order on August 29, 2025. (Dkt. 38). As such, no response to this allegation is

necessary. To the extent this allegation becomes relevant to this dispute in the future, Haleon reserves its right to more fully respond to the same.

160. Paragraph 160 relates to Plaintiff's Seventh Cause of Action that was dismissed through Court order on August 29, 2025. (Dkt. 38). As such, no response to this allegation is necessary. To the extent this allegation becomes relevant to this dispute in the future, Haleon reserves its right to more fully respond to the same.

161. Paragraph 161 relates to Plaintiff's Seventh Cause of Action that was dismissed through Court order on August 29, 2025. (Dkt. 38). As such, no response to this allegation is necessary. To the extent this allegation becomes relevant to this dispute in the future, Haleon reserves its right to more fully respond to the same.

## PRAYER FOR RELIEF

Haleon denies that it engaged in any wrongdoing, denies that it has violated CIPA or any other statute or common law, denies that this case is suitable for class treatment, denies that Plaintiff is similarly situated to other unnamed individuals or adequate or typical, and denies that Plaintiff is entitled to any relief. Haleon denies any remaining allegations in this PRAYER FOR RELIEF

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Below are Haleon's defenses. By setting forth these defenses, Haleon does not assume any burden of proof as to any fact issue or other element of any cause of action or defense that properly belongs to Plaintiff. Haleon reserves the right to amend or supplement its defenses. In asserting defenses as to putative class members' claims, Haleon in no way concedes any class may be properly certified and reserves its rights to oppose certification of any proposed class.

### First Defense
### (Failure to State a Claim)

Plaintiff's and the putative class members' claims are barred because they fail to state a claim against Haleon upon which relief can be granted.

**Second Defense**
**(Statute of Limitations)**

Plaintiff's and the putative class members' claims are barred to the extent they arose outside the applicable statute of limitations.

**Third Defense**
**(Standing)**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members suffered no injury, actual damages, or concrete and/or particularized injury-in-fact, as a result of any Haleon act or omission and, therefore, Plaintiff and the putative class members lack standing to assert a claim.

**Fourth Defense**
**(Haleon Not Liable for Acts of Third Parties)**

To the extent that Plaintiff and the putative class members suffered any damages, such resulted, in whole or in part, from their own conduct and/or the conduct of third parties. To the extent Plaintiff alleges that Haleon is liable for the acts of third parties, Plaintiff's claims are barred.

**Fifth Defense**
**(Substantial Compliance)**

Plaintiff's and the putative class members' claims are barred because Haleon substantially complied with CIPA and other obligations under California statutes and/or common law. Plaintiff has not suffered, and will not suffer, prejudice arising out of any alleged lack of strict compliance.

**Sixth Defense**
**(Failure to Mitigate Damages)**

Plaintiff's and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

**Seventh Defense**
**(Estoppel, Waiver, Unclean Hands)**

Plaintiff's and the putative class members' claims are barred by estoppel, waiver, unclean hands, and/or other equitable defenses because Plaintiff and the putative class members voluntarily

participated in the conduct alleged in the Complaint and never objected to the conduct alleged in the Complaint before Plaintiff sent a letter to Haleon on or around March 25, 2024.

**Eighth Defense**
**(Laches)**

Plaintiff's and the putative class members' claims are barred by the doctrine of laches.

**Ninth Defense**
**(Assumption of Risk)**

Plaintiff's and the putative class members' claims are barred by the doctrine of primary assumption of the risk. Specifically, Plaintiff knowingly assumed the purported risk inherent in using the Websites despite Haleon's disclosures in its Privacy Notice.

**Tenth Defense**
**(Lack of Damages)**

Plaintiff's and the putative class members' claims fail, in whole or in part, because they have not sustained any cognizable injury or damages. Plaintiff does not allege any injury beyond a technical statutory violation.

**Eleventh Defense**
**(Lack of Subject Matter Jurisdiction)**

This court lacks subject matter jurisdiction to decide Plaintiff's and the putative class members' claims.

**Twelfth Defense**
**(Reservation of Rights)**

Haleon expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

**REQUEST FOR RELIEF**

THEREFORE, having answered the Complaint, Haleon respectfully requests:

1. That Plaintiff take nothing for each and every claim for relief averred in the Complaint;

2. That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of Haleon and against Plaintiff;

3. That Plaintiff be denied class certification;

4. That Haleon be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees to the extent permitted by contract or law; and

5. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Haleon demands a jury trial for all issues so triable.

Dated: September 26, 2025

MORGAN, LEWIS & BOCKIUS LLP

By *Megan A. Suehiro* (/s/)

Megan A. Suehiro
J. Gordon Cooney Jr. (*pro hac vice*)
Phillip J. Wiese

*Attorneys for Defendant*
HALEON US INC.